UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN PLAISTED-WILLIAMS, et al.,<br><br>Defendants. | Case No. 16-cv-07301-EDL<br><br>**REPORT AND RECOMMENDATION TO REMAND; ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND REASSIGNING CASE** |

On December 22, 2016, Defendants Susan Plaisted-Williams and R. Donald Williams ("Defendants") filed a notice of removal of this unlawful detainer case, originally filed by Plaintiff against Defendants in Contra Costa County Superior Court on November 1, 2016, as well as applications to proceed in forma pauperis ("IFP Applications"). Because the Parties have not yet consented to this Court's jurisdiction, the Court issues this Report and Recommendation and reassigns this case to a district judge. For the reasons set forth below, the Court grants Defendants' IFP Applications and recommends remanding this matter to state court.

Defendants' IFP Applications adequately allege their poverty. Plaisted-Williams is not currently employed and has no income from any source. Williams is employed by Opportunity Junction in Antioch, CA, where his gross monthly salary is $1150, and his net monthly salary is $900. He has no other sources of income. Neither Defendant owns a home, automobile, or bank account, and both have $16 in cash. Both Defendants support their 16-year-old child. They both pay $1800 in rent, $110 in utilities, and $600 in food per month. Accordingly, Defendants qualify for in forma pauperis status, and their IFP Applications are granted.

However, the Court lacks subject matter jurisdiction in this case and the case should be remanded. "Except as otherwise expressly provided by Act of Congress, any civil action brought

in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. However, a case may be removed based on the existence of a federal question only when that federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Here, the face of the complaint referenced in the Notice of Removal asserts only one state law claim for unlawful detainer. Because this complaint does not provide any basis for removal, the Court lacks subject matter jurisdiction under 28 U.S.C. Section 1331. See Notice of Removal at 6 (Complaint for Unlawful Detainer).

Further, removal of the action was untimely under 28 U.S.C. § 1446(b), which requires that an action be removed within thirty days of service or thirty days after it becomes ascertainable that the action could be removed. The underlying state court complaint was filed on November 1, 2016. Defendants were necessarily served with the complaint by at least November 8, 2016,

1  which is when they filed a demurrer.  However, they did not remove until December 22, 2016,

2  more than thirty days later, and nothing in the interim changed the nature of the complaint or made

3  it any more or less removable than it was on the date it was served or demurred.  Even taking into

4  consideration the leniency afforded to <u>pro se</u> litigants, there is no explanation or excuse given for

5  Defendants' failure to timely remove, and remand is appropriate on this basis as well.  <u>See</u> 28

6  U.S.C. § 1447(c) (removed case may be remanded to state court based on a "defect" in the

7  removal procedure).

8       For the foregoing reasons, the Court recommends remanding this case to Contra Costa

9  County Superior Court.  Any party may serve and file specific written objections to this

10 recommendation within fourteen (14) days after being served with a copy.  <u>See</u> 28 U.S.C. §

11 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the

12 specified time may waive the right to appeal the District Court's order.

14 **IT IS SO ORDERED.**

15 Dated:  December 27, 2016


ELIZABETH D. LAPORTE
United States Magistrate Judge

3